## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KEVIN GERHOLD, on behalf of himself and
all the others similarly situation,

                                       Plaintiff,

                   vs.

LIFELOCK, INC., a Delaware Corporation;
RICHARD TODD DAVIS, a citizen of the
State of Arizona, and JOHN DOES 1 through
10, Inclusive,

                                 Defendants.

**Case No.:**    2:08-0857
          _____

**State Civil Action No.: 08-C-69**
**(Circuit Court of Jackson County, WV)**

## NOTICE OF REMOVAL

      Defendants LifeLock, Inc. ("LifeLock") and Richard Todd Davis ("Davis") (LifeLock and Davis are hereafter referred to collectively as "Defendants"), by and through their undersigned attorneys, hereby file this Notice of Removal, removing this case from the Circuit Court of Jackson County, West Virginia, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, to the United States Southern District Court of West Virginia, Charleston, West Virginia, and respectfully represent and state as follows:

      1.  Plaintiff Kevin Gerhold ("Plaintiff") filed a new action against Defendants on or about May 12, 2008, in the Circuit Court of Jackson County, West Virginia, by way of Class Action Complaint, entitled <u>Kevin Gerhold, on behalf of himself and all others similarly situated v. LifeLock, Inc., a Delaware Corporation; Richard Todd Davis, a citizen of the State of Arizona, et al.</u>, Docket No. 08-C-69 ("Plaintiff's Action").

2.   Defendants were served with a Summons and the Class Action Complaint on May 23, 2008.  No other process, proceedings or orders have been filed or issued in the case, or served on Defendants.  A true copy of the Summons and Class Action Complaint filed on May 12, 2008, is attached hereto as Exhibit A.

3.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits served upon Defendants or filed in the state court are attached as Exhibit B.

4.   This case is removable to the United States District Court, pursuant to 28 U.S.C. §§ 1331 and 1441, in that this Court has original subject matter jurisdiction over this action for the following reasons.  28 U.S.C.§ 1331 provides that the district courts shall have original jurisdiction over all civil actions arising under the Constitution and/or laws of the United States.

5.   Plaintiff's Action alleges, *inter alia*: (1)  that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* (*See* Exhibit A, ¶ 19); (2) that common questions of law and fact exist as to whether and to what extent Defendants' alleged practices, conduct, and misrepresentations violate federal or state law (*See* Exhibit A, ¶ 109; and (3) that Defendants' alleged violation(s) of the Fair Credit Reporting Act serve as a predicate act for a finding of deceptive acts and practices under the West Virginia Consumer's Protection Act ("WVCCPA"), W. Va Code §§ 46A-6-104, *et seq.* (*See* Exhibit A, ¶¶ 114-132).   Although Plaintiff does not specifically plead a federal question cause of action pursuant to the Fair Credit Reporting Act, federal question jurisdiction exists pursuant to §1331 because Plaintiff's WVCCPA claims raises a threshold and critical, actual and disputed, substantial federal issue -- whether Defendants have violated the FCRA. (*See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005)).  In *Grable*, the question presented to the Court was

"does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." (*Id.* at 314). Finding that the plaintiff premised its state claim based upon federal law, the *Grable* Court held that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." (*Id.* at 315). The same rule applies to the present matter -- the meaning and application of the FCRA is an important federal issue and sensibly belongs in federal court. Moreover, there are similar cases pending in, or presently being removed to, federal courts in other districts around the country, each involving allegations premised upon LifeLock's national advertising of its nationally available services and seeking determinations of law under the FCRA.

      6. This case is also removable to the United States District Court, pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and 1441, in that this Court has diversity of citizenship original subject matter jurisdiction over this action for the following reasons. Plaintiff's Action is a class action in which any member of the class is a citizen of a state different from any defendant. Plaintiff is a citizen of West Virginia, residing in Falling Waters, West Virginia and purports to represent a class consisting of "[a]ll persons in the State of West Virginia who subscribed to LifeLock, between 2005 and the present, including former residents who resided in West Virginia at the time they subscribed to LifeLock's services." (*See* Exhibit A, ¶ 101). At all times relevant hereto, Defendant LifeLock is and was a citizen of a state other than West Virginia in that it is and was a Delaware corporation with its principal place of business located at 60 E. Rio Salado Parkway, Tempe, Arizona. At all times relevant hereto, Defendant Davis is and was a citizen and resident of Chandler, Arizona. The amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

7.   Additionally, this case is removable to the United States District Court, pursuant to 28 U.S.C. §§ 1332(a) and 1441 in that Plaintiff Kevin Gerhold is, and was at the time of the commencement of this action, and at all times relevant hereto, a citizen of the State of West Virginia; Defendant Lifelock, Inc. is, and was at the time of the commencement of this action, and at all times relevant hereto, a citizen of a state other than West Virginia, in that it is a Delaware corporation with its principal place of business at 60 E. Rio Salado Parkway, Tempe, Arizona; and Defendant Richard Todd Davis is, and was at the time of the commencement of this action, and at all times relevant hereto, a citizen of a state other than West Virginia, in that he is and was at these times, a citizen and resident of Chandler, Arizona.  Consequently, in that the Plaintiff and the Defendants are citizens of different states, there is complete diversity of citizenship between the Plaintiff and the Defendants and in that the amount in controversy herein is in excess of $75,000, exclusive of interest and costs, jurisdiction by this Court is proper and appropriate, and the case can be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441.

8.   As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of receipt by Defendants, by service of process or otherwise, of the initial pleading in the Circuit Court setting forth the claim for relief upon which such proceeding is based and which establishes the right to remove this action to this Court.  By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses that they may have with respect to Plaintiff's Action.

9.   Upon filing this Notice of Removal, Defendants are also serving counsel for Plaintiff and filing copies of this Notice of Removal with the Clerk of the Circuit Court of Jackson Country, West Virginia, to effect removal of this action to the United States District

Court, pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendants pray that the above-captioned matter, now pending against them in the Circuit Court of Jackson Country, West Virginia, be removed therefrom to the United States Southern District Court of West Virginia, Charleston, West Virginia.

Respectfully submitted this 20th day of June, 2008.


LIFELOCK INC., and
RICHARD TODD DAVIS,

By Counsel


s/Michael B. Victorson
Michael B. Victorson (WVSB# 3868)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia  25322
(304) 340-1079

*Counsel for Defendants*
*Lifelock Inc. and Richard Todd Davis*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KEVIN GERHOLD, on behalf of himself and
all the others similarly situation,

                                        Plaintiff,


                    vs.                                    Case No.: _____

LIFELOCK, INC., a Delaware Corporation;          **State Civil Action No.: 08-C-69**
RICHARD TODD DAVIS, a citizen of the             **(Circuit Court of Jackson County, WV)**
State of Arizona, and JOHN DOES 1 through
10, Inclusive,

                                        Defendants.

## CERTIFICATE OF SERVICE

I, Michael B. Victorson, hereby certify that true and exactly copies of the "Notice of

Removal" and "Corporate Disclosure Statement" filed herein have been served on counsel of

record, at the addresses listed below, by first class mail, postage prepaid, on this the 20th day of

June, 2008:


                    David L. Grubb, Esquire
                    Kristina Thomas Whiteaker, Esquire
                    Wendy E. Radcliff, Esquire
                    THE GRUBB LAW GROUP
                    1324 Virginia Street, East
                    Charleston, WV 25301

                    David S. Paris, Esquire
                    Justin M. Klein, Esquire
                    MARKS & KLEIN, LLP
                    63 Riverside Avenue
                    Red Bank, NJ 07701

                    *Counsel for Plaintiffs*


                              s/Michael B. Victorson
                              Michael B. Victorson (WVSB# 3868)